(C. D. 359)

W. X. HUBER CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 20, 1940)

*Philip Stein* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of decorated earthenware lamp stands fitted with electrical sockets and cords. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 35 per centum ad valorem under paragraph 353 of said act as articles having as an essential feature an electrical element or device.

At the hearing held at Los Angeles in July 1939, before Keefe, Judge, the case was submitted on a stipulation to the effect that the merchandise consisted of decorated earthenware lamp stands fitted with

the usual electrical sockets and cords, and composed in chief value of copper.

Upon this record, counsel for the Government in his brief filed herein contends that said lamp stands are not within the scope of said provision in paragraph 353, citing as authority the decision in *A. N. Khouri & Bro.* v. *United States*, 22 C. C. P. A. 28, T. D. 47037.

In our opinion the cited case is not applicable to the present merchandise. There, the merchandise consisted of floor and base lamps of various shapes and sizes in chief value of metal and usable, after being wired and equipped with switches, sockets, and bulbs, for electric lighting. As imported they were not so equipped. Here, the record discloses that the lamp stands in question were equipped upon importation with electrical sockets and cords and were completed articles ready for use.

We are familiar with the cited decision and especially with the portions thereof quoted at length in the brief of counsel for the Government, and with the expressed conclusion of the court, which was largely in the nature of dictum. We are loath to believe that thereby the appellate court intended to lay down the sweeping proposition that under no circumstance shall electric wires, bulbs, switches, and sockets, when installed in a given article, be considered as electrical elements or devices which would bring such articles within the purview of the provision in said paragraph for "articles having as an essential feature an electrical element or device."

We have repeatedly held that the particular articles *eo nomine* mentioned in the third clause of said paragraph were merely exemplars, to indicate the kind or class of articles which the Congress intended should be covered by said provision. Such view is in line with the congressional history of the paragraph, as referred to in the case of *United States* v. *R. W. Cramer & Co., Inc.*, 22 C. C. P. A. 45, T. D. 47049. There is no similarity between an immense electric locomotive and an electric heater or an electric oven. The only device or element which makes an electric heater or an electric oven an article having as an essential feature an electric element or device, is the wiring therein by which is transmitted the electric current, and the accompanying socket and switch. The same is equally true of the electric signs named in said provision.

If it were the purpose of the decision in the *A. N. Khouri & Bro.* case, *supra*, to lay down the rule that no electric wires, sockets, switches, or bulbs may be considered as constituting electrical elements or devices, very little else remains susceptible for consideration as belonging to the category of essential electric elements or devices.

Moreover, in the second clause of paragraph 353, electric wiring is specifically named together with other electric instruments and devices.

In this connection may we again call attention to the following language which occurred in the report of the Committee on Ways and Means of the House of Representatives relative to H. R. 2667, which subsequently became the Tariff Act of 1930:

### Electrical Machinery and Apparatus.

The products of this important group of industries are now dutiable under two paragraphs. Transformers, wiring devices, control apparatus, etc., are assessed at 40 percent as manufactures of metal, n. s. p. f. under paragraph 399, whereas generators and motors, which are more expensive and difficult to manufacture and more susceptible to competition are assessed at only 30 percent as machines, n. s. p. f. under paragraph 372. Furthermore, litigation over the meaning of the term "machine", as applied to electrical equipment, has resulted in transferring some products to the machinery paragraph and leaving similar products classified under paragraph 399. The industry is of such importance that separate classifications of its products are warranted, which is done by this bill. (Rept. No. 7, 71st Cong., 1st Sess., p. 43.)

Upon the established facts and the law applicable thereto we hold the lamp stands in question to be properly dutiable at the rate of 35 per centum ad valorem under paragraph 353 of the Tariff Act of 1930 as articles having as an essential feature an electrical element or device, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.