(C. D. 980)

GLOBE LIGHTING FIXTURE MFG. CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 6, 1946)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and LAWRENCE, Judges

LAWRENCE, Judge: Certain imported merchandise, described on the invoice as "Brass Bayonet Type Sockets, Electric Lighting Fixtures," was classified by the collector of customs as articles, not specially provided for, composed in chief value of copper. Duty was assessed thereon accordingly at the rate of 45 per centum ad valorem under the provisions of paragraph 397, Tariff Act of 1930; and, because copper was the most valuable component, an additional duty of 3 cents per pound was levied on the articles, pursuant to section 601 (c) (7), Revenue Act of 1932, 47 Stat. pt. 1, title IV, pp. 169, 260. However, plaintiff makes no claim with respect to the latter assessment.

In each protest it is claimed, alternatively, that the merchandise is properly dutiable at the rate of 35 per centum ad valorem under

paragraph 353, or at 40 per centum ad valorem under paragraph 339, Tariff Act of 1930. Additional claims are made in protest 65273–K alleging that the merchandise is dutiable at 17½, 25, or 27½ per centum ad valorem under said paragraph 353, as modified by the trade agreement with the United Kingdom, effective January 1, 1939, 74 Treas. Dec. 253, T. D. 49753.

In its brief filed herein, as to protest 65273–K, plaintiff limits the contentions made under said trade agreement to the provision therein, under "Par. No. 353," for parts of—

* * * articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy, and articles having as an essential feature an electrical element or device, such as electric motors, * * *.

wherein the rate imposed is 25 per centum ad valorem. As to the other protests, plaintiff relies upon the claim that the articles are dutiable at the rate of 35 per centum ad valorem under paragraph 353 of said tariff act, without specifically abandoning the one made under paragraph 339 of said act at 40 per centum ad valorem as household utensils of the kind therein made dutiable at the latter rate.

A sample socket, which is representative of all the merchandise under protest, is in evidence herein as exhibit 1. The only witness who appeared was called by the plaintiff. He testified that exhibit 1 is attached to a conduit containing two electric wires, one a positive, and the other a negative, wire; that these enter the socket through an opening at the top; that each is fastened therein to a so-called terminal or pole; that this connection completes a circuit which makes possible the flowage of electric current for lighting purposes; and that an electric bulb, equipped with the necessary filament, is illuminated when it is screwed into the socket as the result of contact made between the said terminals or poles and two corresponding flat points located at the base of the bulb.

We quote from the record:

Q. What do you term these in your business?—A. Two forms, as sockets and as lamp holders.

Q. As sockets and as lamp holders?—A. Yes.

* * * * * * *

Q. Which term do you generally employ in your dealings?—A. Electrical sockets, and to clarify it, electrical lamp holders, both in British terminology and in American.

* * * * * * *

X Q. What are they?—A. * * * They are a device used in electrical lighting in fixtures.

* * * * * * *

X Q. They are part of the lamp, aren't they?—A. They are part of the fixture.

X Q. They are part of whatever electric fixture you are using?—A. They are part of every fixture that we manufacture for this particular trade.

X Q. In other words, Mr. Witness, these devices before the court now are an essential part of the lighting fixture they are used on, are they not?—A. Certainly.

X Q. And the fixture won't operate without them?—A. That is right.

X Q. They are part of that device?—A. Of the fixture, yes.

*       *       *       *       *       *       *

X Q. Any of these fixtures to which these are attached or are a part of wouldn't operate without that?—A. No.

In support of its main contention that these sockets are dutiable under paragraph 353, *supra*, as parts of "articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy," plaintiff relies upon the cases of *N. Minami & Co., Inc.* v. *United States*, 73 Treas. Dec. 1104, Abstract 37615; *Biddle Purchasing Co.* v. *United States*, 2 Cust. Ct. 696, Abstract 41268; and *United States* v. *N. Minami & Co., Inc.*, 29 C. C. P. A. (Customs) 169, C. A. D. 188.

The first two of the cited cases related to brass sockets or shells used as parts of Christmas tree lighting sets. In the third, *United States* v. *N. Minami & Co., Inc.*, *supra*, the involved merchandise consisted of Christmas wreaths, which the appellate court, affirming our ruling in *N. Minami & Co., Inc.* v. *United States*, 5 Cust. Ct. 414, Abstract 44838, held to be properly classifiable as parts of articles having as an essential feature an electrical element or device, such as signs, and dutiable accordingly at the rate of 35 per centum ad valorem under paragraph 353, *supra*.

In our opinion the facts in each of the above-cited cases are so essentially different from those in the case at bar as to be clearly distinguishable.

The plaintiff further contends that its claim alleged under paragraph 353 should be sustained upon the authority of *W. X. Huber Co.* v. *United States*, 5 Cust. Ct. 1, C. D. 359; *L. Bamberger & Co.* v. *United States*, idem 423, Abstract 44901, both of which related to lamps or lampstands with electrical sockets, held to be dutiable at 35 per centum under paragraph 353; and *New York Merchandise Co., Inc.* v. *United States*, 5 Cust. Ct. 384, Abstract 44688, wherein brass shells for electric-light sockets were likewise held to be dutiable under paragraph 353.

In addition to the above-cited decisions, others could be mentioned wherein electrical sockets were classified under said paragraph 353. In most instances those rulings were predicated upon the fact, invariably stipulated, that the sockets were parts of Christmas tree lighting sets like those the subject of prior decisions of this court. But since December 29, 1941, when the appellate court rendered its decision in *United States* v. *N. Minami & Co., Inc.*, *supra*, sockets or other parts of lighting fixtures have been held not to be classifiable under said

paragraph 353. For example, in *New York Merchandise Co., Inc.* v. *United States*, 8 Cust. Ct. 209, C. D. 607, we said of the brass shells or sockets there involved:

In view of the fact that it is stipulated in the instant case that the merchandise is similar in all material respects to that involved in *N. Minami & Co., Inc.* v. *United States*, Abstract 37615, *supra*, and the long line of cases both tried and submitted on stipulation in which this court has held Christmas-tree lighting sets to be properly classifiable under said paragraph 353, we would ordinarily have no hesitancy in deciding the instant case in favor of the plaintiff. Inasmuch, however, as the United States Court of Customs and Patent Appeals in the very recent case of *United States* v. *N. Minami & Co., Inc.*, C. A. D. 188, decided December 29, 1941, has intimated that so-called electrical fixtures including lamps *per se* are not within the purview of paragraph 353, as disclosed by the Congressional history thereof, but are dutiable under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for, we fear that all decisions theretofore rendered would no longer be controlling.

It is true that, notwithstanding the statement just quoted, we did classify the sockets or shells there before us under said paragraph 353. In so doing we pointed out that—

\* \* \*. It is a well-known fact that Christmas-tree lighting sets are not used like ordinary fixtures or lamps for illuminating the house, but are solely employed during the Christmas season to decorate Christmas trees both indoors and outdoors. They are more or less symbolical in character of the Christmas season and perform precisely the same function as did the Christmas wreaths involved in the last above-cited case.

Inasmuch as we there reached the conclusion that Christmas tree lighting sets and Christmas wreaths were of the same tariff status, we followed the decision of our appellate court in *United States* v. *N. Minami & Co., Inc.*, *supra*, and held the brass sockets or shells there before us to be classifiable under said paragraph 353 as parts of "articles having as an essential feature an electrical element or device, such as electric \* \* \* signs." We could not have correctly applied that authority if it were there shown that Christmas tree sets were electric-lighting fixtures in the real sense, because before the appellate court it was successfully contended that the paragraph did not contemplate electric-lighting fixtures or parts thereof. In the course of its decision in the last-cited case the appellate court said:

The headnote of the Government's third point reads:

The legislative history of paragraph 353 of the Tariff Act of 1930 discloses that it was not the intent of Congress to include *lighting fixtures* under said paragraph. [Italics ours.]

We have emphasized the phrase "lighting fixtures" in the foregoing quotation because we deem it important to point out at the outset that we find no *eo nomine* provision for lighting fixtures in the Tariff Act of 1930.

The court then enumerated three previously decided cases wherein recourse was had to the legislative history of the paragraph because the language thereof, or at least part of it, was deemed ambiguous.

The pertinent portions of such history were then considered at length. We quote from the opinion of the court:

> H. R. 2667, which eventuated in the Tariff Act. of 1930, as reported from the Committee on Ways and Means and as it passed the House, carried a paragraph numbered 387 which read:

> Par. 387. Illuminating or lighting fixtures, lamps, lamp bases, candelabra, and candlesticks, any of the foregoing and parts thereof, finished or unfinished, not specially provided for, if wholly or in chief value of base metal or alloy, 50 per centum ad valorem; if wholly or in chief value of, or plated with, platinum, gold, or silver, 65 per centum ad valorem.

The court pointed out that while no special reference was made to said paragraph in the report of the Committee on Ways and Means which accompanied the bill, nevertheless it was printed in italics in the report, thus indicating it to be a change from the Tariff Act of 1922; and that in the report of the Senate Committee on Finance which accompanied the bill when it was reported to the Senate (S. Rept. 37, 71st Cong., 1st sess. p. 19) the following appeared:

> Paragraph 387.—LIGHTING FIXTURES

> Provision for lighting fixtures has been eliminated with the intent of making them dutiable under the basket paragraph 398.

The opinion explained that the number, 398, referred to the bill as it was laid before the Senate, but that it became 397 when the paragraphs were subsequently renumbered, which latter corresponds to paragraph 399 of the Tariff Act of 1922.

Moreover, as pointed out by the court, there was a further statement in that portion of the Senate committee's report which related to paragraph 353 and which read:

> It is not intended that this paragraph should include lighting fixtures, provided for in paragraph 387 of the House bill, and eliminated therefrom by the Senate committee.

Continuing its discussion of the legislative history of said paragraph 353, the court said:

> After the bill, H. R. 2667, had passed both Houses of Congress and before the conferences between managers of the respective Houses were held, the United States Tariff Commission prepared a supplement to tariff information relating to items in the bill which were subject to conference. Reports of the United States Tariff Commission, vol. 29. The discussion of paragraph 353 begins on page 198 of the volume. While that discussion is interesting, such of it as might be regarded as having any bearing upon the instant case is expressed in the committee reports and need not be quoted here.

> The discussion of the stricken paragraph 387 of the House bill is found on page 232 of vol. 29, Tariff Commission Report, where it is said, *inter alia:*

> Under the act of 1922 and bill as passed by the Senate, lighting fixtures, lamps, candlesticks, and candelabra are dutiable as manufactures of metal, n. s. p. f. In the House bill special provision was made for them, but the same rates of duty were provided that were levied in the basket clause in that bill. In the Senate the paragraph was eliminated, thereby returning the articles to the general provision in paragraph 398.

In the statement of the managers on the part of the House, filed in connection with the conference report (H. R. Report 1892, 71st Congress, 2nd session) at page 64, it was said that the effect of striking out the paragraph 387 (to which the House agreed) was "to throw the items into the basket clause of the metal schedule."

As a result of its careful study of the legislative history of the tariff provisions before it for interpretation, the court thus expressed its conclusion.

From the foregoing it is our tentative view that it was not the intention of Congress to include lighting fixtures, even though of an electrical character, in paragraph 353, but that it was intended that they should be classified under what eventually became paragraph 397. It is true that there is no reference in paragraph 397 to articles having an electrical element, but unless it was intended to include therein some articles having such an element, much of the discussion of paragraph 353—the electrical paragraph—by the Senate Committee's report above quoted would seem to be without meaning.

On the uncontradicted evidence herein we find that the articles described on the invoices as "Brass Bayonet Type Sockets, Electric Lighting Fixtures" are in fact parts of electric-lighting fixtures, and as such properly dutiable at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as articles composed in chief value of copper, as classified by the collector. *United States* v. *N. Minami & Co., Inc., supra.*

We therefore hold that the claims of plaintiff made directly under paragraph 353 of the Tariff Act of 1930, or under that paragraph as modified by the trade agreement with the United Kingdom, *supra*, are not supported by the evidence. In the absence of evidence or argument in support of the claim made under paragraph 339, *supra*, that claim and all others alleged in the protests must be, and hereby are, overruled, and the decision of the collector of customs in each case is affirmed.

Judgment will be entered accordingly.